2003 SD 102

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**David J. ASMUSSEN, Defendant and Appellee.**

**No. 22632.**

Supreme Court of South Dakota.

Argued May 28, 2003.

Decided Aug. 20, 2003.

Rehearing Denied Sept. 29, 2003.

Lawrence E. Long, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, South Dakota, for plaintiff and appellant.

Rick A. Ribstein, Donald M. McCarty of McCann, Ribstein & Hogan, Brookings, South Dakota, for defendant and appellee.

MEIERHENRY, Justice.

[¶ 1.] The State filed a complaint against David J. Asmussen (Asmussen) for three counts of stalking. The second count of the complaint charged that Asmussen committed the public offense of stalking (SDCL 22–19A–1(3) and 22–6–2(1)) by willfully, maliciously, and repeatedly harassing Pamela Dunn by means of verbal, electronic, mechanical, telegraphic, or written communications. Asmussen filed a motion to dismiss count II of the complaint asserting that SDCL 22–19A–1(3) is facially unconstitutional. The trial court granted Asmussen's motion and dismissed count II of the complaint finding that SDCL 22–19A–1(3) is overbroad on its face and unconstitutionally vague in violation of both the First and Fourteenth Amendments of the United States Constitution and the South Dakota Constitution, Article VI § 2. No fact finding hearing or trial took place. The State's intermediate appeal from the order was granted on the following issues:

1. **Whether SDCL 22–19A–1(3) is unconstitutionally overbroad in violation of the First Amendment to the United States Constitution.**

2. **Whether SDCL 22–19A–1(3) is unconstitutionally vague in violation of the Fifth and Fourteenth Amendment to the United States Constitution and Article VI, § 2 of the South Dakota Constitution.**

## STANDARD OF REVIEW

[¶ 2.] Challenges to the constitutionality of a statute are reviewed de novo. *State v. Allison,* 2000 SD 21, ¶ 5, 607 N.W.2d 1, 2. This Court recognizes a strong presumption that a statute is constitutional. *Id.* In order to prevail, a challenger must refute this presumption beyond a reasonable doubt. *State v. McGill,* 536 N.W.2d 89, 94. "While legislative acts are presumed to be constitutional, that presumption disappears when the unconstitutionality of the act is, 'clearly and unmistakenly shown and there is no reasonable doubt that it violates constitutional principles.'" *South Dakota Educ. Association/NEA By and Through Roberts v. Barnett,* 1998 SD 84, ¶ 22, 582 N.W.2d 386, 392 (quoting *Poppen v. Walker,* 520 N.W.2d 238, 241 (S.D.1994)).

## DECISION

1. **Whether SDCL 22–19A–1(3) is unconstitutionally overbroad in violation of the First Amendment to the United States Constitution.**

[¶ 3.] The State of South Dakota argues that Asmussen lacks standing to raise the issue of whether the statute is unconstitutionally vague and overbroad.

Though interrelated, the concepts of vagueness and overbreadth are conceptually distinct doctrines. Vagueness is usually associated with the right to due process found in the Fifth and Fourteenth Amendments, whereas overbreadth is concerned with the First Amendment guarantees of free speech.

*State v. Hauge,* 1996 SD 48, ¶ 5, 547 N.W.2d 173, 175. First, we will address whether Asmussen has standing to challenge the constitutionality of the statute under the doctrine of overbreadth. A statute is overbroad when its language sanctions conduct which the state is not entitled to regulate. An overbroad statute "not only forbids conduct constitutionally subject to proscription, but also sweeps within its ambit those actions ordinarily deemed to be constitutionally protected." *People ex rel P.B.,* 339 N.W.2d 121, 123

(S.D.1983). Asmussen does not claim that he was engaging in constitutionally protected activity. Asmussen challenges the provision of the statute under which he was charged as unconstitutionally overbroad. Normally, a facial challenge to a statute is not allowed unless the challenger's own conduct involves constitutionally protected expression. An exception to this is when a party challenges a statute based on the doctrine of overbreadth. The doctrine of overbreadth allows the court to consider the effect of a statute on third parties, regardless of whether the challenger's right of free expression was violated. The United States Supreme Court recently reiterated the basis of allowing a facial challenge to a statute based on the First Amendment doctrine of overbreadth:

> The First Amendment doctrine of overbreadth is an exception to our normal rule regarding the standards for facial challenges. (citation omitted). The showing that a law punishes a "substantial" amount of protected free speech, "judged in relation to the statute's plainly legitimate sweep," *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908[, 2918], 37 L.Ed.2d 830[, 842] (1973), suffices to invalidate *all* enforcement of that law, "until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Id.* at 613[, 93 S.Ct. at 2916, 37 L.Ed.2d at 840–41] (citations omitted).
>
> We have provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or "chill" constitutionally protected speech—especially when the overbroad statute imposes criminal sanctions. (citations omitted). Many persons, rather than undertake the considerable burden (and sometimes risk) of vindicating their rights through case-by-case litigation, will choose simply to abstain from protected speech, *Dombrowski v. Pfister*, 380 U.S. 479, 486–87, 85 S.Ct. 1116, 1120–21, 14 L.Ed.2d 22[, 28–29] (1965)—harming not only themselves but society as a whole, which is deprived of an uninhibited marketplace of ideas.

*Virginia v. Hicks*, —— U.S. ——, ——, 123 S.Ct. 2191, 2196, 156 L.Ed.2d 148, 157 (2003). Courts acknowledge that a litigant has standing to challenge a statute if the court can predict or assume "that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick*, 413 U.S. at 612, 93 S.Ct. at 2916, 37 L.Ed.2d at 840.

[¶ 4.] The relevant portions of the law which Asmussen challenges are as follows:

> ■ Any person:
>
> (3)[w]ho willfully, maliciously, and repeatedly harasses another person by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication; is guilty of the crime of stalking. SDCL 22–19A–1(3).
>
> . . . .
>
> For purposes of this chapter, "harasses" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. SDCL 22–19A–4.
>
> For purposes of this chapter, "course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct." SDCL 22–19A–5.

For purposes of the standing issue, the language of the statute with its criminal sanctions could conceivably cause others to refrain from constitutionally protected speech. Asmussen, therefore, has standing to challenge the statute on its face even though his speech or conduct may not be constitutionally protected.

[¶ 5.] In addressing the merits of the challenge, we recognize that to invalidate a law as overbroad is "strong medicine" because it has the effect of suspending enforcement of the entire law. *New York v. Ferber*, 458 U.S. 747, 769, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113, 1130 (1982) (citing *Broadrick*, 413 U.S. at 613, 93 S.Ct. at 2916, 37 L.Ed.2d at 840). The doctrine is employed with hesitation and "only as a last resort." *Id.* The effect of suspending enforcement of the entire law could result in preventing enforcement in situations of constitutionally unprotected speech or, more importantly, in situations of constitutionally unprotected conduct. *Id.* For a finding of overbreadth, the law's application to protected speech must be "real" and "substantial," not only in an absolute sense, but also relative to the scope of the law's plainly legitimate application. *Id.* To strike a law for overbreadth it must reach "a substantial number of impermissible applications." *Id.* at 771, 102 S.Ct. at 3362, 73 L.Ed.2d at 1132.

[¶ 6.] Under the overbreadth doctrine, Asmussen has the burden of establishing " 'from the text of [the law] and from actual fact,' that substantial overbreadth exists." *Hicks,* —— U.S. at ——, 123 S.Ct. at 2198, 156 L.Ed.2d at 159 (quoting *New York State Club Ass'n., Inc. v. City of New York,* 487 U.S. 1, 14, 108 S.Ct. 2225, 2234, 101 L.Ed.2d 1, 17 (1988)). In order to meet that burden, Asmussen must show that the law's application to constitutionally protected speech is "real" and "substantial" in an absolute sense and in relation to the scope of the law's plainly legitimate application.

[¶ 7.] An analysis of the law's constitutionality begins by examining the text of the statute to determine its application and scope. First of all, it is apparent the legislature intended to exclude the law's application to "constitutionally protected activity." SDCL 22–19A–5. Although the statute prohibits harassment by "means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication," it is not directed at freedom of expression normally protected by the First Amendment. *Cf. State v. Springer–Ertl,* 2000 SD 56, 610 N.W.2d 768; *State v. Crelly,* 313 N.W.2d 455 (S.D.1981). The scope of the statute does not sweep free expression of ideas into its scope. Furthermore, the statute is limited in scope to a willful, malicious, and repeated course of conduct specifically directed at another person. SDCL 22–19A–1(3). The statute further limits the course of conduct to conduct serving no legitimate purpose. SDCL 22–19A–4. Also there is no showing that the law would reach substantial numbers of impermissible applications. In addition to the language of the statute, it is also necessary to view the legislative purpose of the law.

[¶ 8.] The law's plainly legitimate purpose is to protect people from being stalked. We determined in *State v. Hauge* that the State has a legitimate interest in "shield[ing] victims of domestic violence from threats and intimidation." 1996 SD 48, ¶ 8, 547 N.W.2d at 176. In *Hauge,* we found that a protection order entered against Hauge prohibiting him from verbally contacting his ex-wife in any manner including phone contact or through third parties was not unconstitutionally overbroad. We held that the restraint upon Hauge's conduct did not fall within the ambit of First Amendment protection. *Id.*

at ¶ 10; *cf. State v. Vogel*, 315 N.W.2d 324 (S.D.1982).

■■■ [¶ 9.] The legislature has recognized that stalking is a serious concern of society. The legislature, therefore, has a legitimate interest in protecting those who are harassed and placed in serious fear for their safety. We have previously stated freedom of expression does not include threatening or harassing conduct:

> Freedom of expression, however, is not absolute. It was never meant "to give immunity for every possible use of language." *Frohwerk v. United States*, 249 U.S. 204, 206, 39 S.Ct. 249, 250, 63 L.Ed. 561, 564 (1919) (citation omitted). *See State v. Hauge*, 1996 SD 48, ¶ 10, 547 N.W.2d 173, 176. One is not free, for example, to send threatening or harassing letters. *Id.*, ¶¶ 9–10. Nor has anyone the right to make obscene telephone calls. *State v. Crelly*, 313 N.W.2d 455, 457 (S.D.1981).

*State v. Springer–Ertl*, 2000 SD 56, ¶ 17, 610 N.W.2d at 773. We, therefore, conclude that, the stalking statute's application to protected speech is not "real" or "substantial" in an absolute sense nor in relation to the scope of·the law's plainly legitimate application. Asmussen's facial challenge on the basis of overbreadth fails.

2. **Whether SDCL 22–19A–1(3) is unconstitutionally vague in violation of the Fifth and Fourteenth Amendment to the United States Constitution and Article VI § 2 of the South Dakota Constitution.**

■■■ [¶ 10.] Asmussen also claims that the statute is void for vagueness. As we have previously stated, the overbreadth doctrine and void for vagueness doctrine are interrelated but "conceptually distinct doctrines." *Hauge*, 1996 SD 48, ¶ 5, 547 N.W.2d at 175. While the overbreadth doctrine is based on the free speech rights of the First Amendment, the void for vague-

ness doctrine is based on the due process protection of the Fifth and Fourteenth Amendment of the United States Constitution and Article VI § 2 of the South Dakota Constitution. As a general rule, a void for vagueness review is limited to the specific facts of the case. *People ex rel. T.F.*, 339 N.W.2d 124, 125 (S.D.1983); *State v. Morrison*, 341 N.W.2d 635, 637 (S.D.1983), *cf. Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319–20, 46 L.Ed.2d 228, 233–34 (1975). The standard for a void for vagueness claim in violation of due process is whether "the prohibited act or omission is expressed in terms so vague that reasonable people of ordinary intelligence might apply [it] differently...." *Matter of Reif*, 478 N.W.2d 815, 818 (S.D. 1991) (citing *State v. Big Head*, 363 N.W.2d 556, 559 (S.D.1985)). A statute will be held unconstitutional for vagueness where the forbidden conduct is so poorly defined that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *State v. Blakey*, 399 N.W.2d 317, 318 (citing *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926)) (citations omitted).

> A crime must be statutorily defined with definiteness and certainty. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process. A criminal statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.

*Big Head*, 363 N.W.2d at 559. Additionally, a statute must not be so vague as to permit selective or discriminatory enforcement. *Id.; Kolender v. Lawson*, 461 U.S.

352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 908–09 (1983); *Smith v. Goguen,* 415 U.S. 566, 573, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605, 612 (1974); *Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217–18 (1971). We recognize that criminal laws represent a legislative balancing act. In an attempt to prohibit certain conduct, the legislature writes laws in a fashion to give broad application to the type of conduct it seeks to forbid. *State v. Dale,* 439 N.W.2d 98, 106 (S.D.1989).

[¶ 11.] Asmussen claims that the statutory section under which he was charged is unconstitutionally vague because the statute failed to incorporate an objective standard, i.e. a reasonable person standard, in relation to the alleged harassment. Asmussen relies on similar challenges in other states whose courts have found that a reasonable person standard is necessary to withstand a constitutional challenge for vagueness. See *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975); *Kansas v. Bryan,* 259 Kan. 143, 910 P.2d 212 (1996); *Galloway v. Maryland,* 365 Md. 599, 781 A.2d 851 (2001); *Long v. Texas,* 931 S.W.2d 285 (Tex.Crim.App.1996); *City of Everett v. Moore,* 37 Wash.App. 862, 683 P.2d 617 (1984). Through a series of amendments, the South Dakota legislature eliminated the reasonable person language from parts of the stalking statutes. When the South Dakota legislature first enacted stalking statutes in 1992, the statutes contained the reasonable person standard, that is, the victim's fear or emotional distress was that of a reasonable person, i.e. an objective standard. The legislature by amendment removed the reference to a reasonable person in parts of the statute. The 1992 statutes included the following language:

Section 22–19A–1. Any person who willfully, maliciously, and repeatedly follows or harasses another person and who makes a credible threat with the intent to place that person in *reasonable* fear of death or great bodily injury is guilty of the crime of stalking. Stalking is a Class 1 misdemeanor.

Section 22–19A–4. For the purposes of this Act, "harasses" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. The course of conduct must be such as would cause *a reasonable person* to suffer substantial emotional distress and must actually cause substantial emotional distress to the person.

Section 22–19A–6. For the purposes of this Act, "a credible threat" means a threat made with the intent and the apparent ability to carry out the threat so as to cause the person who is the target of the threat to *reasonably* fear for his safety.

1992 SD Laws Ch 162 (emphasis added). In 1993, the legislature amended the stalking statutes and struck the reasonable person standard from SDCL 22–19A–4 and 22–19A–6. 1993 SD Law Ch 176 § 1–5. The stalking statutes were amended again in 1994, 1997, 2000, and 2001. See 1994 SD Laws Ch 164; 1997 SD Laws Ch 131 & 132 and 2000 SD Laws Ch 101; 2001 SD Laws Ch 112.

[¶ 12.] The 2001 amendment under which Asmussen was charged provides in its entirety:

Any person:

(1) Who willfully, maliciously, and repeatedly follows or harasses another person; or

(2) Who makes a credible threat to another person with the intent to place that person in reasonable fear of death or great bodily injury; *or*

(3) *Who willfully, maliciously, and repeatedly harasses another person by*

*means of any verbal, electronic, mechanical, telegraphic, or written communication;* is guilty of the crime of stalking. Stalking is a Class 1 misdemeanor.

(Emphasis added). 2001 SD Laws Ch 112; SDCL 22–19A–1.

[¶ 13.] The State charged Asmussen under SDCL 22–19A–1(3). He claims that because that section does not contain a reasonable person standard and is based, instead, on the subjective reaction of the victim that the subsection is void for vagueness. Courts have reasoned that without the objective standard of a reasonable person, an individual cannot determine which conduct is against the law. The conduct may or may not fall within the criminal prohibition depending on the reaction or sensibilities of the victim. The subjective standard does not give fair notice if conduct is forbidden and can lead to discriminatory enforcement. See *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975); *Kansas v. Bryan,* 259 Kan. 143, 910 P.2d 212 (1996); *Galloway v. Maryland,* 365 Md. 599, 781 A.2d 851 (2001); *Long v. Texas,* 931 S.W.2d 285 (Tex.Crim.App. 1996); *City of Everett v. Moore,* 37 Wash. App. 862, 683 P.2d 617 (1984).

[¶ 14.] With a vagueness challenge, it is necessary that we examine the facts of the case at hand. The court file in this case indicates that on August 25, 2000, circuit court judge Ronald Roehr entered a civil order of protection at the request of Pamela Dunn (the alleged victim in this case) against Asmussen. The order specifically prohibited Asmussen from contacting Dunn "directly or indirectly, in any manner." The order was to be in effect until August 25, 2003.

[¶ 15.] The criminal charge against Asmussen alleges that he willfully, maliciously, and repeatedly harassed Pamela Dunn by means of verbal, electronic, mechanical, telegraphic, or written communications. An affidavit of Special Agent Jon Bierne (Bierne) attached to the complaint, stated that a check of Asmussen's cellular telephone records revealed that Asmussen had made 17 telephone calls to Dunn's residence from November 25, 2001 through December 8, 2001. Bierne further states that Asmussen left messages on her answering machine, at least three of which were threatening. Bierne also indicated that during an interview with Asmussen, Asmussen admitted being at Dunn's residence on December 9, 2001.

[¶ 16.] For a due process challenge based on vagueness, Asmussen must demonstrate that the statute as it applied to the facts of his case was so vague that it did not "give a person of ordinary intelligence fair notice that his contemplated conduct [was] forbidden." Here, a protection order had been in effect for over a year that clearly prohibited Asmussen from having any direct or indirect contact with Dunn. Prior to the court issuing the order, Asmussen had notice and opportunity to be heard. SDCL 22–19A–10. Furthermore, civil protection orders are based upon the definition of stalking found in SDCL 22–19A–1—the same statute which gives rise to criminal liability. SDCL 22–19A–8(1).

[¶ 17.] Asmussen's charged offense is that he telephoned Dunn. The protection order clearly prohibited contact in any manner. Because a civil protection order had been issued against Asmussen pursuant to the stalking statutes, his complaint that the criminal application of the statute was so vague he had to guess at its meaning is meritless. Any reasonably intelligent person could read the order and understand that Asmussen was to have no contact with Dunn by telephone or other means. The protection order also gave

law enforcement clear direction of the prohibited conduct.

[¶ 18.] We cannot say that Asmussen's conduct falls within the ambit of constitutional protection or, based upon the facts of this case, that SDCL 22–19A–1(3) is unconstitutionally vague.

[¶ 19.] We reverse the trial court's ruling.

[¶ 20.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.