#26990-rev&rem-JKK

**2014 S.D. 94**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CYNTHIA BLAIR-ARCH,                                 Petitioner and Appellee,

  v.

MYRIL ARCH, II,                                     Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN BROWN
Judge

* * * *

CHRISTINA L. KLINGER
May, Adam, Gerdes & Thompson, LLP
Pierre, South Dakota                                Attorneys for petitioner
                                                    and appellee.


BRAD A. SCHREIBER
The Schreiber Law Firm, Prof., LLC
Pierre, South Dakota                                Attorneys for respondent
                                                    and appellant.
* * * *

                                                    CONSIDERED ON BRIEFS
                                                    ON NOVEMBER 17, 2014

                                                    OPINION FILED 12/23/2014

#26990

KONENKAMP, Justice

[¶1.]     In this appeal, we address the question whether a protection order may be entered against a respondent by default when an attorney appears at the protection order hearing on the respondent's behalf, authorized to present a defense.

## Background

[¶2.]     On November 12, 2013, Cynthia Ann Arch filed a petition and affidavit for a domestic abuse protection order against her brother, Myril Arch II.  The documents were completed pro se on forms provided by the South Dakota Unified Judicial System (UJS).  By filling in blanks and checking boxes on the forms, Cynthia alleged that both she and Myril resided in Hughes County, that Myril had threatened her and committed acts of harassment against her, and that she was the victim of a crime of violence.

[¶3.]     Cynthia specifically described an incident in which Myril used his pickup to spin gravel against her home and break a window.  She also described occasions when Myril threatened to kill her, her brother, and her son, including threats left on voice mail.  In addition, Cynthia described Myril's threats against her restaurant business and efforts he made to block the road to her home nearby.  She also made allegations about Myril's lack of sobriety.  Cynthia sought a five-year protection order to keep Myril away from herself, her business, and her residence.  Alleging that she feared bodily injury and for her life, Cynthia also sought a temporary protection order pending the hearing on the permanent order.  Cynthia signed the form under oath before a deputy clerk of courts.

[¶4.] The circuit court issued a notice of hearing on Cynthia's petition and also entered a temporary protection order pending the hearing. The hearing was initially set for November 27, 2013. But, on November 21, the circuit court rescheduled the hearing for December 3, 2013. An order provided in relevant part that "Respondent shall present him/her self before the . . . [c]ourt" for the rescheduled hearing. On December 3, 2013, the circuit court ordered another rescheduling for January 8, 2014. This order also provided in relevant part that "Respondent shall present him/her self before the . . . [c]ourt" for the rescheduled hearing.[1]

[¶5.] Both Cynthia and Myril obtained counsel, and the hearing set for January 8, 2014, was again rescheduled for January 24. Cynthia served Myril with notice of the rescheduled hearing on January 10. This notice did not include language requiring Myril to "present himself" for the hearing.[2]

[¶6.] The protection order hearing proceeded on January 24, 2014. Cynthia appeared personally along with her counsel. Although Myril did not appear personally, counsel appeared on his behalf. The court noted Myril's absence and asked his counsel if Myril would be appearing. Counsel responded negatively. The court then asked Cynthia's counsel how she wished to proceed. Cynthia's counsel asserted a right to call Myril as a witness and requested that Cynthia be granted a

---

1. The orders rescheduling the hearings were issued on pre-printed UJS forms served on Myril.

2. This notice was not on a UJS form, but was completed by Cynthia's counsel.

protection order "[a]s a result of [Myril's] non-appearance." Myril's counsel resisted, stating that he was authorized to proceed without Myril and arguing that Cynthia still had the burden of going forward with her evidence. Counsel further asserted that Myril was not waiving any of his defenses or rights. Cynthia's counsel then outlined the history of rescheduled hearings in the case and noted that the previous hearing had been rescheduled at Myril's request so that he could undergo a medical procedure. Counsel asserted that there would have been no need to reschedule the previous hearing if Myril did not intend to be there.

[¶7.]     The court asked Myril's counsel if there were any question that Myril was aware of the time set for the hearing. Counsel responded negatively. The court then ruled, "I'm going to grant the Protection Order based on default." The court discussed the logistics of the protection order with both counsel and concluded the proceedings.

[¶8.]     The circuit court filed its protection order on a form provided by the UJS. By filling in blanks and checking boxes on the form, the court found that jurisdiction and venue were properly before the court and that Cynthia and Myril were "family or household members." The court went on to find, by a preponderance of the evidence, that "domestic abuse" had occurred. The court also found that Myril had actual notice of the hearing and an opportunity to participate. The court excluded Myril from Cynthia's residence and from coming within one-hundred yards of her residence or place of employment. The court also prohibited Myril from any phone calls, e-mail, third-party contact, or correspondence with Cynthia. The court allowed Myril access to his own property near Cynthia's

residence but forbade him from initiating contact with Cynthia. The order was made effective for five years.

## Analysis and Decision

[¶9.] On appeal, Myril argues that the circuit court abused its discretion in granting Cynthia a protection order by default because his attorney appeared at the protection order hearing on his behalf and was authorized to present his defense.

[¶10.] "The decision to enter a default judgment . . . 'rests with the sound discretion of the [circuit] court and we will not disturb the [circuit] court's decision absent an abuse of that discretion.'" *Ladson v. BPM Corp.*, 2004 S.D. 74, ¶ 23, 681 N.W.2d 863, 869 (quoting *Upper Plains Contracting Inc. v. Pepsi Americas*, 2003 S.D. 3, ¶ 11, 656 N.W.2d 323, 327). "An abuse of discretion 'is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable.'" *Gartner v. Temple*, 2014 S.D. 74, ¶ 7, __ N.W.2d __, __ (quoting *Arneson v. Arneson*, 2003 S.D. 125, ¶ 14, 670 N.W.2d 904, 910); *accord Thurman v. CUNA Mut. Ins. Soc'y*, 2013 S.D. 63, ¶ 11, 836 N.W.2d 611, 616 (quoting *State v. Lemler*, 2009 S.D. 86, ¶ 40, 774 N.W.2d 272, 286). "A [circuit] court abuses its discretion when it makes an error of law." *Thurman*, 2013 S.D. 63, ¶ 11, 836 N.W.2d at 615-16 (citing *Hendrickson v. Wagners, Inc.,* 1999 S.D. 74, ¶ 14, 598 N.W.2d 507, 510-11).

[¶11.] "Proceedings for domestic violence protection orders are civil actions for injunctive relief and are summary in nature." *Hanneman v. Nygaard*, 784 N.W.2d 117, 123 (N.D. 2010); *see also Sjomeling v. Stuber*, 2000 S.D. 103, ¶ 11, 615 N.W.2d 613, 616. "In a typical civil case, a default cannot be entered when the

party's counsel attends the hearing. Thus, a default is entered when no one appears to defend the case." *In re A.N.D.*, 883 So.2d 910, 914 n.3 (Fla. Dist. Ct. App. 2004). "A default judgment is appropriate only where a party has not appeared in person or by counsel[.]" *Smith v. Johnston*, 711 N.E.2d 1259, 1264 (Ind. 1999).[3] "[U]nless a party to an action is subpoenaed, the party can be represented at the hearing or trial by an attorney, and personal appearance is not required." *State v. Tselios*, 593 A.2d 243, 244 (N.H. 1991).

[¶12.]    Cynthia did not subpoena Myril. Myril's counsel attended the protection order hearing and appeared on Myril's behalf to defend the case. Cynthia cites no authority that obligated Myril to personally appear at the hearing. Nothing in the protection order statutes requires a respondent to personally appear despite the fact that the Legislature has imposed that requirement where *mutual* protection orders are sought. SDCL 25-10-5.2(1).

[¶13.]    Cynthia asserts that the series of hearing notices issued to Myril required him to personally appear. But none of the notices stated that Myril must "personally appear." The second and third notices did state that Myril should "present himself" before the court, but even if that language is construed as a

---

3.    *See also Freedman v. Horike*, 969 N.Y.S.2d 193, 194 (N.Y. App. Div. 2013) ("The nonappearance of a party does not necessarily result in a default, 'particularly where counsel appears upon the absent party's behalf and offers an explanation for his or her failure to attend.'" (quoting *Matter of Derek P. v. Doris Q.*, 939 N.Y.S.2d 151, 153 (N.Y. App. Div. 2012)); *In re C.G.*, 261 S.W.3d 842, 851 (Tex. App. 2008) ("There is no default when a party is represented at trial by counsel, even though the party failed to appear personally for the trial.").

command for him to personally appear, it was not repeated in the final notice of

hearing issued by Cynthia.

[¶14.]       Cynthia argues that application of Sixth Circuit Rule 95-1 required

Myril to personally appear.   Rule 95-1 provides:

> In addition to the time and date set for hearing, the notice of
> hearing on any *motion* (except any motion where less than
> eleven days notice is given) may state the last date upon which
> an objection, resistance or response (requiring a hearing) shall
> be filed and served on parties in interest, which date shall be at
> least three business days in advance of the date set for hearing.
> The notice of hearing shall also state that if no objection,
> resistance or response is timely filed and served, the movant
> need not appear at the hearing and the court may grant the
> relief requested without further hearing.

(Emphasis added).   Following this rule, Cynthia inserted the following additional

provisions into her final notice of hearing:

> **NOTICE IS FURTHER GIVEN** that you have until three
> business days prior to the date of the hearing within which to
> file and serve any objection, resistance, or response which will
> require a hearing.

> **NOTICE IS FURTHER GIVEN** that if no objection, resistance,
> or response is timely filed and served, this movant will not
> appear at the hearing, and the Court may grant the requested
> relief without further hearing.

[¶15.]       Cynthia argues that these provisions notified Myril that he had until

three days before the hearing to file an objection, resistance, or response and that if

he failed to do so, the court could grant the requested relief without further hearing.

Since Myril failed to respond or personally appear, Cynthia asserts that he was

appropriately held in default.   But this misconstrues Rule 95-1.   By its terms, it

applies to notices of hearings on "motion[s]."   *Id.* Cynthia did not give notice of

hearing on a *motion*, but on her *petition,* the initial *pleading* in a protection order

case.[4]  SDCL 25-10-3.  Nothing in SDCL chapter 25-10 requires any written

objection, resistance, or response to a *petition* for a protection order before the

hearing.  Rule 95-1 may have had some application if Cynthia had moved for a

default judgment for Myril's failure to appear and then noticed a hearing on that

*motion.*  That is not what occurred, however.

[¶16.]	South Dakota Rules of Civil Procedure require a three-day written

notice on an application for a default judgment.  *See* SDCL 15-6-55(b)(1) ("If the

party against whom judgment by default is sought has appeared in the action, he . .

. shall be served with written notice of the application for judgment at least three

days prior to the hearing on such application.").[5]  Thus, as many courts have held,

---

4.	A "pleading" is "[a] formal document in which a party to a legal proceeding . .
	. sets forth or responds to allegations, claims, denials, or defenses."  *Black's
	Law Dictionary* 1270 (9th ed. 2009).  "Examples of pleadings are complaints,
	petitions, counterclaims, and answers."  Bryan A. Garner, *A Dictionary of
	Modern Legal Usage* 667 (2d ed. 1995).  A "motion" is "[a] written or oral
	application requesting a court to make a specified ruling or order."  *Black's
	Law Dictionary* 1106 (9th ed. 2009).  "[A] motion is not a pleading."  Garner,
	at 575.

5.	Under Rule 55 (SDCL 15-6-55(b)(1)), an appearance in an action entitling a
	party to notice of an application for a default judgment is not limited to an
	appearance at trial.  *See* 10A Charles Alan Wright & Arthur R. Miller,
	*Federal Practice and Procedure* § 2686 (3d ed. 1998).  Appearance is
	construed broadly and includes "defendant's seeking, taking, or agreeing to
	some step or proceeding in the cause beneficial to himself or detrimental to
	plaintiff[.]"  *Id.* (quoting *Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909,
	912 (D.C. Del. 1984)).  Thus, by agreeing to or seeking a continuance or
	continuances, and by obtaining counsel to advocate for him and to appear on
	his behalf for the protection order hearing, Mryil "appeared in the action"
	notwithstanding his failure to appear personally at the hearing.  This
	distinguishes this case from cases where a party never appears in an action,

continued . . .

even if Myril was required to personally appear for the protection order hearing, the circuit court should have proceeded with the hearing, even in his absence.

> When a defendant fails to appear for trial, the court has two options: proceed with the trial, requiring the plaintiff to put on its case, or enter a default due to the failure to defend. The default may not be entered, however, until the defendant is served with notice of the application for default and afforded an opportunity to explain.

*Baleanu v. Sandulescu*, 78 So.3d 98, 99 (Fla. Dist. Ct. App. 2012) (citations omitted).[6]

---

continued . . .

and a default judgment is granted at trial. *See, e.g., Ladson v. BPM Corp.*, 2004 S.D. 74, ¶¶ 22-25, 681 N.W.2d 863, 869 (upholding a default judgment granted to the plaintiff at trial where the defendant corporation never answered the complaint or otherwise appeared in the action by counsel as required by law and as repeatedly instructed by the circuit court).

6. *Accord Bloch v. Bentfield*, 403 P.2d 559, 564 (Ariz. Ct. App. 1965) ("When a case is regularly called for trial, the trial may proceed although one party does not appear and this is not a hearing as by default."); *Heidary v. Yadollahi*, 121 Cal. Rptr. 2d 695, 699 (Cal. Ct. App. 2002) (holding: (1) that where a defendant who previously answered does not appear for trial, a plaintiff's only remedy is to make a motion with the court to continue with that trial; (2) that entry of default is not authorized; and (3) that the hearing held "under such circumstances is uncontested as distinguished from a default hearing[]" (quoting *Warden v. Lamb*, 277 P. 867, 868 (Cal. Dist. Ct. App. 1929)); *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Ass'n*, 502 N.E.2d 599, 603 (Ohio 1986) ("[W]hen a party who has filed a responsive pleading . . . fails to appear for trial, no default within the meaning of Civ. R. 55(A) occurs, and the trial court is not required to give seven days' notice to the absent party before allowing the party seeking relief to proceed with an *ex parte* trial."); *Skinner v. Leyland*, 854 N.E.2d 573, 576-77 (Ohio Ct. App. 2006) (internal quotation marks omitted) ("The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure . . . is diametrically opposed to the concept of default[.]" (quoting *Ohio Valley Radiology Assocs., Inc.*, 502 N.E.2d at 603)); *Melvin v. Melvin*, 580 A.2d 811, 818 (Pa. Super. Ct. 1990) ("When a defendant receives

continued . . .

[¶17.]    Cynthia asserts that she complied with this notice requirement by inserting the language from Sixth Circuit Rule 95-1 into her notice of hearing on the protection order. Yet, as discussed above, Rule 95-1 was not applicable to Cynthia's notice of hearing on the protection order petition. Further, Cynthia could not avoid the notice requirement in that manner. "In most cases, a party seeking default judgment from the court must file an application. The requirement for a formal application ties in with the requirement that the claimant must give defaulting parties [three] days' written notice of the application for the default judgment." 10 James Wm. Moore, *Moore's Federal Practice, Default: Default Judgment* § 55.30[2] (3d ed. 2013). Cynthia made no formal application for a default judgment.

[¶18.]    Based upon the foregoing, the circuit court abused its discretion in granting Cynthia a protection order by a default judgment. Myril appeared at the protection order hearing by counsel and the hearing should have proceeded with counsel participating on Myril's behalf. If Cynthia deemed Myril's presence essential to the hearing, she should have subpoenaed him. Even if Cynthia's notice of hearing required Myril to personally appear for the protection order hearing, the circuit court should have directed Cynthia to proceed with the hearing ex parte in Myril's absence. Alternatively, if Cynthia wanted a default judgment, she should have filed a formal application for a default judgment with at least three days'

---

continued . . .
          proper notice and nonetheless fails to appear or provide a satisfactory excuse
          for non-appearance at, or prior to, the time set for trial, the trial may proceed
          properly in the defendant's absence.").

written notice as required by SDCL 15-6-55(b)(1).  Having reached these conclusions, we need not address Myril's other appellate issues.

[¶19.]     The order is reversed and the case is remanded for a hearing on Cynthia's petition for a protection order.  Cynthia's motion for appellate attorney's fees is denied.

[¶20.]     Reversed and remanded.

[¶21.]     GILBERTSON, Chief Justice, and SEVERSON, Justice, and PORTRA and SMITH, Circuit Court Judges, concur.

[¶22.]     PORTRA, Circuit Court Judge, sitting for ZINTER, Justice, disqualified.

[¶23.]     SMITH, Circuit Court Judge, sitting for WILBUR, Justice, disqualified.