#27590-a-LSW

**2016 S.D. 37**


IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TYLER NEIL ERICKSON,                              Petitioner,

    v.

AUSTIN RICHARD EARLEY,                    Respondent and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE VINCENT A. FOLEY
Judge

\* \* \* \*

TYLER NEIL ERICKSON                          Pro se petitioner.

REED T. MAHLKE of
Helsper, McCarty, Mahlke & Kleinjan, P.C.
Brookings, South Dakota                          Attorneys for respondent
                                                                  and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MARCH 21, 2016

OPINION FILED
**04/20/2016**

WILBUR, Justice

[¶1.]     Austin Earley appeals from a circuit court order granting Tyler Erickson a permanent order of protection.  Earley contends that the circuit court abused its discretion by granting the protection order and that the protection order violates his First Amendment right to free speech.  We affirm.

**Facts and Procedural History**

[¶2.]     Earley and Erickson are both hunters.  The dispute between the two, which ultimately resulted in this protection order, is primarily over hunting land.  Both men are in their mid-thirties.

[¶3.]     Erickson secured permission from Jim and David Grommersch to hunt on their property.  In February of 2015, Erickson went to the Grommersches' property to check one of his trail cameras.  On his way to the property, Erickson observed Earley's vehicle traveling in the opposite direction.  When Erickson arrived on the property he parked his vehicle, but before he got out, he saw Earley's vehicle approaching him through a field at a high rate of speed.  Earley pulled alongside of Erickson's vehicle and began shouting obscenities at Erickson.  Among other things, Earley told Erickson, "We are coming for you.  You don't have permission to be on this property."  Earley eventually told Erickson to "get all your shit and get out."  Erickson was afraid to get out of his vehicle.  However, when Earley backed his vehicle away approximately 50 yards, Erickson exited his vehicle and removed his trail camera.  Earley watched from his vehicle.  Earley followed Erickson to his second trail camera and watched as Erickson removed the second

trail camera. Earley followed Erickson off the Grommersches' property for a little over one mile and then turned around.

[¶4.] Immediately following the incident, Erickson contacted the Grommersches. The Grommersches told Erickson that they did not know Earley and that Earley did not have permission to be on the Grommersches' land. At the Grommersches' request, Erickson contacted law enforcement about the incident.

[¶5.] A similar incident happened in July of 2015. Erickson parked on a public gravel road approximately one mile west of the Grommersches' property "to look over the land" for deer with his binoculars. Once again, Earley pulled alongside of Erickson's vehicle and began yelling obscenities at Erickson. Among other things, Earley told Erickson, "We are coming for you. You better watch your ass this fall. There is [sic] five of us coming for you." Earley "squealed his tires and pulled away, yelling and screaming and cursing." Erickson did not report the incident.

[¶6.] A month later, in August of 2015, the Grommersches directed the sheriff to serve a no trespass order on Earley regarding their land. On the same day he was served, Earley called Erickson and said, "Get your shit out of Gas 'N' Mor, and you have one week and don't ever step foot in there again."[1] Before hanging up the phone, Earley stated, "There are six of us, and we are coming for

---

1. Gas 'N' Mor is a local gas station owned by Earley's father. Erickson owns a taxidermy business and had mounts, flyers, and business cards displayed in the gas station.

you." Erickson contacted law enforcement about the three incidents and filed a petition for a protection order.

[¶7.] At the hearing for the protection order, Erickson testified about the three incidents. In addition, Erickson was concerned that Earley had somehow learned of other hunting areas Erickson used and that Earley contacted those landowners and "bad-mouthed" Erickson. David Grommersch testified that he did not know Earley, that Earley did not have permission to hunt on his land, and that he had Earley served with a no trespass order because Earley placed hay bales, mineral blocks, antler traps, and other items on the Grommersches' property. Earley testified on his own behalf. Earley admitted that he told Erickson, on multiple occasions, "[t]here is [sic] four or five of us coming for you," but denied that these were threats. Earley framed the incidents as "two grown men having a politically incorrect debate." The circuit court found Erickson's version of events credible and determined that Earley's actions constituted stalking. The circuit court entered findings of fact and conclusions of law, and a protection order against Earley. This appeal followed.

## Standard of Review

[¶8.] The standard of review for the grant of a protection order is a two-step process. First, the Court reviews the circuit court's findings of fact under the clearly erroneous standard. *Shroyer v. Fanning*, 2010 S.D. 22, ¶ 6, 780 N.W.2d 467, 469. The circuit court's findings of fact will not be set aside unless "we are left with a 'definite and firm conviction that a mistake has been made.'" *Id.* (quoting *White v.*

*Bain*, 2008 S.D. 52, ¶ 8, 752 N.W.2d 203, 206). After review of the circuit court's findings of fact, the Court determines whether the circuit court "abused its discretion in granting or denying the protection order." *Id.* "An abuse of discretion 'is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary and unreasonable.'" *Blair-Arch v. Arch*, 2014 S.D. 94, ¶ 10, 857 N.W.2d 874, 877 (quoting *Gartner v. Temple*, 2014 S.D. 74, ¶ 7, 855 N.W.2d 846, 850).

## Analysis

[¶9.]       **1.      Whether the circuit court abused its discretion by granting the protection order.**

[¶10.]      A court may enter a protection order if it "finds by a preponderance of the evidence that stalking has taken place[.]" SDCL 22-19A-11. Stalking occurs when a person "(1) [w]illfully, maliciously, and repeatedly follow[s] or harass[es] another person; (2) [m]ake[s] a credible threat to another person with the intent to place that person in reasonable fear of death or great bodily injury; or (3) [w]illfully, maliciously, and repeatedly harass[es] another person by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication." SDCL 22-19A-1. The circuit court found that Earley both harassed and made credible threats to Erickson.

[¶11.]      Earley contends that his behavior did not rise to the level of harassment because the three incidents did not constitute a "course of conduct" and because his behavior was not "malicious." "[H]arasses means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or

harasses the person, and which serves no legitimate purpose." SDCL 22-19A-4. A "course of conduct" is "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." SDCL 22-19A-5. "Maliciously" means "a wish to intentionally vex, annoy, or injure another person[.]" SDCL 22-1-2(1)(a).

[¶12.]       Initially, Earley argues that there were only two incidents because Earley had a legitimate purpose to contact Erickson the last time—to tell Erickson to remove his possessions from the Gas 'N' Mor. However, during this conversation, Earley also told Erickson, "There are six of us, and we are coming for you." This statement did not serve a legitimate purpose. Accordingly, there were three incidents. This Court has previously determined that three incidents constitute a "course of conduct." *See Schaefer ex rel. S.S. v. Liechti*, 2006 S.D. 19, ¶ 14, 711 N.W.2d 257, 262.

[¶13.]       As to whether Earley acted maliciously, the circuit court could reasonably infer from the circumstances that Earley intended to "vex, annoy, or injure" Erickson. *See Huether v. Mihm Transp. Co.*, 2014 S.D. 93, ¶ 15, 857 N.W.2d 854, 860 (providing the Court "accept[s] all evidence favorable to the verdict, and reasonable inferences therefrom, without weighing credibility or resolving conflicts."). During each incident Earley sought Erickson out, either by pulling alongside his parked vehicle or calling him at his place of business. When Earley made contact with Erickson he shouted a string of profanities at him. Each time, Earley also insinuated that a group of people were "coming for" Erickson. It cannot

be said that the circuit court's inference that Earley acted maliciously was unreasonable. *See Schaefer*, 2006 S.D. 19, ¶ 17, 711 N.W.2d at 263 (circuit court could have found malicious intent based on respondent's behavior).

[¶14.]    Earley also maintains that the threats he made to Erickson were not credible. Because the circuit court did not abuse its discretion by granting the protection order on the grounds of harassment, this issue is moot. *See State v. Pollman*, 1997 S.D. 36, n.1, 562 N.W.2d 105 ("In 1993, the Legislature amended SDCL 22-19A-1 substituting the word 'or' for 'and' between the 'harasses' and the 'credible threat' clauses, thus making the elements of the offense disjunctive.").

[¶15.]    **2.    Whether the protection order violated Earley's First Amendment right to free speech.**

[¶16.]    Earley maintains that the protection order violates his First Amendment right to free speech because his speech was not tantamount to "true threats" or "fighting words." While Earley correctly identifies that the Supreme Court of the United States has determined that "true threats" and "fighting words" are unprotected speech, he fails to recognize that this Court has "previously stated freedom of expression does not include threatening or harassing conduct[.]" *State v. Asmussen*, 2003 S.D. 102, ¶ 9, 668 N.W.2d 725, 731; *see also State v. Springer-Ertl*, 2000 S.D. 56, ¶ 17, 610 N.W.2d 768, 773 ("Freedom of expression . . . is not absolute." (citing *Frohwerk v. United States*, 249 U.S. 204, 206, 39 S. Ct. 249, 250, 63 L. Ed. 561, 564 (1919) (freedom of expression "was never meant 'to give immunity for every possible use of language'"); *State v. Hauge*, 1996 S.D. 48, ¶ 10, 547 N.W.2d 173, 176 ("One is not free . . . to send threatening or harassing letters.");

*State v. Crelly*, 313 N.W.2d 455, 457 (S.D.1981) (No one has "the right to make obscene telephone calls.")).

[¶17.] "The legislature has recognized that stalking is a serious concern of society." *Asmussen*, 2003 S.D. 102, ¶ 9, 668 N.W.2d at 731. "The legislature, therefore, has a legitimate interest in protecting those who are harassed and placed in serious fear for their safety." *Id.* SDCL 22-19A-1 prohibits stalking. A court may enter a protection order if it "finds by a preponderance of the evidence that stalking has taken place[.]" SDCL 22-19A-11. In this case, the circuit court concluded that Earley's actions constituted stalking—more specifically the circuit court correctly concluded that Earley's actions, including his speech, was harassment. As this Court has previously held, "freedom of expression does not include threatening or harassing conduct[.]" *Asmussen*, 2003 S.D. 102, ¶ 9, 668 N.W.2d at 731.

## Conclusion

[¶18.] The circuit court did not abuse its discretion by granting the protection order because Earley's actions constituted harassment. The protection order does not violate Earley's First Amendment right to free speech because "freedom of expression does not include threatening or harassing conduct[.]" *Id.*

[¶19.] Affirmed.

[¶20.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.