#29329, #29330, #29445-a-JMK

**2022 S.D. 14**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

#29329

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

    v.

SANTANA BETTELYOUN,                     Defendant and Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#29330

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

    v.

JACOB EHRET,                     Defendant and Appellant.

* * * *

APPEALS FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOSHUA HENDRICKSON
Judge

* * * *

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#29445

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

    v.

ZAVEN OSBORNE,                     Defendant and Appellant.

* * * *

ARGUED
MARCH 23, 2021
OPINION FILED **03/16/22**

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ERIC J. STRAWN
Judge

* * * *

JOANNA LAWLER
OLE J. OLESEN of
Pennington County Public
   Defender's Office
Rapid City, South Dakota                 Attorneys for defendants and
                                              appellants Santana Bettelyoun
                                              and Jacob Ehret.

ERIC T. DAVIS
NATHANIEL F. NELSON of
Nelson Law
Sturgis, South Dakota                  Attorneys for defendant and
                                              appellant Zaven Osborne.

JASON R. RAVNSBORG
Attorney General

CHELSEA WENZEL
PATRICIA ARCHER
Assistant Attorneys General
Pierre, South Dakota                    Attorneys for plaintiff and
                                              appellee.

#29329, #29330, #29445

KERN, Justice

[¶1.]        Santana Bettelyoun, Jacob Ehret, and Zaven Osborne, all minors under the age of 18, were charged as adults in separate cases before separate judges in magistrate court for driving a vehicle with a blood alcohol content (BAC) of more than .08 in violation of SDCL 32-23-1(1).  Each filed a motion to dismiss claiming that, because of their status as juveniles, the magistrate courts presiding over their cases lacked subject matter jurisdiction.  They asserted that under the language of the applicable statutes, they could only be charged as children in need of supervision (CHINS) placing them under the exclusive jurisdiction of the circuit court.  SDCL 26-8B-2.  The magistrate courts dismissed their motions.  Each appealed to the circuit courts, where the magistrates' decisions were affirmed, and then to this Court.  We consolidated Bettelyoun's and Ehret's appeals on September 8, 2020, because the relevant facts were not contested, and their issues involved identical questions of law.  Likewise, Osborne filed an appeal raising the same issue.  Accordingly, we consolidate all three appeals for resolution.

**Background**

*Facts and procedural history: Osborne*

[¶2.]        While patrolling a stretch of the I-90 interstate in Meade County, South Dakota, on November 27, 2019, Deputy Sheriff Nicolas Forbes saw an eastbound vehicle shortly before midnight that appeared to be speeding.  Deputy Forbes activated his radar and clocked the vehicle travelling at 79 miles per hour in a 75 mile per hour zone.  When he caught up to the vehicle and initiated a stop,

Deputy Forbes discovered that the driver and sole occupant of the vehicle was sixteen-year-old Osborne.

[¶3.]     During the course of the stop, Deputy Forbes smelled the odor of an alcoholic beverage emanating from the vehicle and observed Osborne's glassy, bloodshot eyes.  After being asked to accompany Deputy Forbes to his patrol car, Osborne admitted to consuming alcohol.  The officer administered a preliminary breath test (PBT), which revealed a BAC of .161.  Due to the uneven terrain where they were located, Deputy Forbes administered a curtailed field sobriety test, which indicated that Osborne was impaired.  Deputy Forbes arrested Osborne and transported him to the police station.

[¶4.]     After obtaining a search warrant, Osborne's blood sample was collected and sent for testing which later revealed a .129 BAC.  The Meade County State's Attorney charged him, on December 5, 2019, by complaint and information with alternative counts of driving a vehicle while under the influence of alcohol, a Class 1 misdemeanor, in violation of SDCL 32-23-1(2), and driving while having .08 percent or more by weight of alcohol in that person's blood in violation of SDCL 32-23-1(1).

[¶5.]     In January 2020, Osborne filed a motion to dismiss for lack of subject matter jurisdiction arguing that he could only be charged for driving while under the influence (DUI) pursuant to SDCL 32-23-21, often called the "zero tolerance" DUI statute governing juveniles, and that his case could only be heard in juvenile court under SDCL 26-8B-2 as a CHINS proceeding.  The magistrate court denied the motion on May 21, 2020, issuing findings of facts and conclusions of law.  The court concluded that the State had discretion to charge Osborne under either SDCL

32-23-1 as an adult in magistrate court or as a CHINS under SDCL 32-23-21 (zero tolerance). Subsequently, on June 11, 2020, Osborne pleaded guilty to driving while having .08 percent or more by weight of alcohol in his blood in violation of SDCL 32-23-1(1). The magistrate court granted Osborne a suspended imposition of sentence.

[¶6.]    Osborne appealed the denial of his motion to dismiss to the circuit court pursuant to SDCL 15-38-22.[1] The circuit court affirmed the magistrate court's decision, issuing a memorandum decision on September 21, 2020. The circuit court reasoned that because the Legislature did not list SDCL 32-23-1 in the definition of offenses that could be brought as a CHINS, as it did with SDCL 32-23-21, the Legislature did not "prohibit the State from exercising its discretion in charging a minor under SDCL 32-23-1" as an adult. Therefore, the circuit court held that the "Legislature's enactment of SDCL chapter 26-8B neither disrupted the State's discretion nor deprived magistrate courts of jurisdiction when someone under the age of eighteen is charged with violating SDCL 32-23-1." Osborne filed a notice of appeal of the circuit court's determination on October 22, 2020.

*Facts and procedural history: Bettelyoun*

[¶7.]    Late in the evening of June 7, 2018, Rapid City Police Officer Jose Romero noticed a Chevy Trailblazer run through a stop sign while parked at an intersection on Kansas City Street in Rapid City. Officer Romero activated his lights and sirens and followed the vehicle. After a brief pursuit, the vehicle pulled over. Officer Romero directed the driver, seventeen-year-old Bettelyoun, to his

---

1.    SDCL 15-38-22 provides that "[e]xcept where an appeal is denied by law, there shall be a right of appeal to the circuit court from any final order or judgment of the magistrate court."

patrol car. The vehicle had several passengers, and Officer Romero observed empty bottles of alcohol in the car.

[¶8.] As Officer Romero and Bettelyoun conversed in the patrol car, it became apparent to him that Bettelyoun was too impaired to drive. Bettelyoun gave an incorrect birth date, smelled of alcohol, was confused and emotional, and her breath registered a .177 on a PBT. Officer Romero arrested Bettelyoun who agreed to submit to a blood draw. After obtaining parental consent, Bettelyoun's blood was drawn and submitted for analysis, revealing a BAC of .189.

[¶9.] The State charged Bettelyoun by complaint and information in magistrate court with alternative counts of DUI under SDCL 32-23-1(2) and SDCL 32-23-1(1). Bettelyoun filed a motion to dismiss on September 24, 2018, challenging the jurisdiction of the magistrate court, arguing that she could be charged only in juvenile court as a CHINS. The magistrate court considered the briefs of the parties and entered a one-page order denying the motion. In its order, the magistrate court incorporated by reference and relied upon the authority contained in the written opinions of two other magistrate judges in the Seventh Judicial Circuit who had previously ruled on the same jurisdictional question. The magistrate court held that juveniles who drive under the influence of alcohol may be properly charged and convicted in magistrate court under SDCL 32-23-1.

[¶10.] On July 12, 2019, Bettelyoun filed a motion to reconsider, attaching a recently issued memorandum decision from a circuit court judge reaching a contrary result in a similar case and granting a motion to dismiss. In that case, the circuit court held that the relevant statutes unambiguously required the State to charge

minors under SDCL 32-23-21 and to proceed under the CHINS statute. Citing this opinion, Bettelyoun argued that SDCL 32-23-21 (zero tolerance) and its inclusion in the definition of a CHINS in SDCL 26-8B-2, stripped the State of discretion to prosecute a juvenile in adult court by charging a violation of SDCL 32-23-1. Both the State and Bettelyoun requested a written opinion from the magistrate court on the motion for reconsideration. The magistrate court denied the request by order dated July 12, 2019.

[¶11.] After receiving the magistrate court's ruling, Bettelyoun pleaded guilty on December 12, 2019, to driving a vehicle while having .08 percent or more by weight of alcohol in her blood in violation of SDCL 32-23-1(1). On December 17, 2019, the magistrate court granted Bettelyoun a suspended imposition of sentence. Bettelyoun then appealed the magistrate court's decision denying her motion to dismiss to the circuit court on December 26, 2019. After reviewing the briefs of the parties, the circuit court filed a one-page order affirming the magistrate court's decision. Bettelyoun filed a notice of appeal from the circuit court's decision on May 21, 2020.

*Facts and procedural history: Ehret*

[¶12.] During the early morning hours of January 19, 2019, a Rapid City Police officer noticed a Pontiac traveling on East Saint Patrick Street in Rapid City without a working headlight. After pulling the vehicle over, the officer saw that the driver, seventeen-year-old Ehret, had bloodshot, watery eyes and was chewing gum. The officer administered a field sobriety test, which Ehret failed. His PBT

registered a .088. After obtaining permission from his mother, Ehret submitted to a blood draw, which later revealed a BAC of .103.

[¶13.] The State charged Ehret by complaint and information in magistrate court with alternative counts of DUI under SDCL 32-23-1(2) and SDCL 32-23-1(1). On August 7, 2019, Ehret filed a motion to dismiss for lack of subject matter jurisdiction. The magistrate court denied the motion adopting by reference the analysis set forth in the magistrate court's opinion in *State v. Bettelyoun*. Ehret pleaded guilty on November 26, 2019, to driving or being in control of a vehicle while having .08 percent or more by weight of alcohol in his blood in violation of SDCL 32-23-1(1).[2] The court suspended Ehret's sentence upon the completion of terms and conditions.

[¶14.] Ehret appealed the magistrate court's decision to the circuit court pursuant to SDCL 15-38-22. The circuit court affirmed the magistrate judge's decision and Ehret's conviction, issuing an order identical to the one issued that same day in Bettelyoun's case. Ehret filed a notice of appeal from the circuit court's decision on May 21, 2020.

[¶15.] Having consolidated the appeals, we restate the Appellants' sole issue as whether the circuit courts erred by denying their motions to dismiss their DUI convictions in magistrate court for lack of subject matter jurisdiction.

---

2.     There are no plea and sentencing transcripts in the record in Ehret's case. His judgment of conviction does not set forth the charge for which he was convicted, instead stating "Driving Under Influence-1st Of (32-23-2)," which merely sets forth the penalty for DUI first offense. In his brief, Ehret asserts that he was convicted of SDCL 32-23-1(1). Bettelyoun's order suspending imposition of sentence contains the same defect.

### Standard of Review

[¶16.] The circuit courts reviewing this question denied Appellants' motions based upon their interpretations of the statutes governing jurisdiction for adult and juvenile DUI offenses. "Questions of jurisdiction are legal questions reviewed under a de novo standard." *State v. Owen*, 2007 S.D. 21, ¶ 10, 729 N.W.2d 356, 362. Because the court's jurisdiction over DUI-related offenses is determined by South Dakota Codified law, ultimately, "[t]he issue before this Court is one of statutory interpretation, which we review de novo." *State v. Thoman*, 2021 S.D. 10, ¶ 17, 955 N.W.2d 759, 766.

### Analysis and Decision

[¶17.] The Appellants' core contention is that their ages and conduct place them squarely within the definition of a CHINS per SDCL 26-8B-2. Because they are within the CHINS statute, they submit they could only be adjudicated under SDCL 32-23-21 (zero tolerance) in juvenile court rather than being charged and convicted in magistrate court as an adult under SDCL 32-23-1.

[¶18.] In response, the State submits that jurisdiction is proper because a DUI charge under SDCL 32-23-1 is a traffic offense excluded from the delinquency statutes and not listed in the definition of a CHINS. In the State's view, the Legislature intended to give the State discretion to hold juveniles accountable in either magistrate court or in CHINS proceedings for offenses involving BACs greater than .08.

### *Jurisdiction of magistrate and circuit courts*

[¶19.] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002) (cleaned up). A valid indictment or information confers that jurisdiction upon the court. *State v. Janssen*, 371 N.W.2d 353, 356 (S.D. 1985). Appellants were each charged by information in magistrate court with violations of SDCL 32-23-1. The magistrate courts are courts of limited jurisdiction with authority to determine misdemeanors and other actions as described by law. *See* SDCL ch. 16-12B. Circuit courts have original jurisdiction to try felonies and share concurrent jurisdiction with magistrate courts to try misdemeanor actions and proceedings. SDCL 16-6-12.

[¶20.] "Chapter 26-7A sets forth the rules of procedure for juvenile courts." *M.B. v. Konenkamp*, 523 N.W.2d 94, 96 (S.D. 1994). Proceedings involving juveniles are further categorized in SDCL chapter 26-8A (abuse and neglect), 26-8B (CHINS), and 26-8C (delinquency). Proceedings under these chapters are within the exclusive and original jurisdiction of the circuit courts. SDCL 26-7A-1(6) defines a "child" as "a person less than eighteen years of age and any person under twenty-one years of age who is under the continuing jurisdiction of the court or who is before the court for an alleged delinquent act committed before the person's eighteenth birthday[.]" In this opinion, we refer to those who fit within this definition as "juveniles."[3]

---

3.  An "adult" is defined in SDCL 26-7A-1(3) as "a person eighteen years of age or over, except any person under twenty-one years of age who is under the

(continued . . .)

[¶21.]     To determine whether a person under age 18 should be subject to

juvenile proceedings in circuit court or instead prosecuted as an adult in either

magistrate or circuit court, we look to SDCL 26-11-1 and the definitions of CHINS

and delinquent children.  SDCL 26-11-1 provides in relevant part:

> If any child under the age of eighteen years is arrested, with or
> without a warrant, for a violation of any law or municipal
> ordinance for which the child is not subject to proceedings as a
> child in need of supervision as defined in § 26-8B-2 or a
> delinquent child as defined in § 26-8C-2 or for a violation of
> subdivision 34-46-2(2) [tobacco offenses], the child shall be
> brought before the judge of a court having jurisdiction over the
> offense and proceedings shall be conducted as though the child
> were eighteen years of age or older.

A child in need of supervision is defined in SDCL 26-8B-2 as one:

(1)     Of compulsory school age who is habitually absent from
school without legal excuse;
(2)     Who has run away from home or is otherwise beyond the
control of the child's parent, guardian, or custodian;
(3)     Whose behavior or condition endangers the child's own
welfare or the welfare of others;
(4)     Who has violated any federal or state law or regulation or
local ordinance for which there is not a penalty of a
criminal nature for an adult, other than a violation of
subdivision 34-46-2(2) [tobacco] or a petty offense;
(5)     *Who has violated § 32-23-21* [zero tolerance] or 35-9-2
[minor in consumption (MIC)]; or
(6)     Who engages in prostitution by offering to engage in
sexual activity for a fee or other compensation.

(Emphasis added.)  A delinquent child is defined in SDCL 26-8C-2 as a child over

ten years of age who "has violated any federal, state, or local law or regulation for

which there is a penalty of a criminal nature for an adult, *except* state or municipal

_____

(. . . continued)
     continuing jurisdiction of the court or who is before the court for an alleged
     delinquent act committed before the person's eighteenth birthday[.]"

hunting, fishing, boating, park, or *traffic laws that are classified as misdemeanors,* or petty offenses or any violation of § 35-9-2 (MIC) or *32-23-21* (zero tolerance)." (Emphasis added.)

[¶22.]      In 1998, the Legislature, following the lead of many other states, enacted SDCL 32-23-21 (zero tolerance), aimed at reducing underage drinking and substance use while driving. *See* Marjorie A. Shields, Annotation, *Validity, Construction, and Application of State "Zero Tolerance" Laws Relating to Underage Drinking and Driving*, 34 A.L.R. 6th 623 (2008). This statute penalizes those under 21 who are driving, operating, or in physical control of a vehicle with a BAC of .02 percent or higher, or with physical evidence in their bodies showing the consumption of marijuana or controlled substances.[4] In comparison, SDCL 32-23-1 penalizes *any "person"* who drives or is in physical control of a vehicle with a BAC of

---

4.      SDCL 32-23-21 provides, in relevant part:

> It is a Class 2 misdemeanor *for any person under the age of twenty-one* to drive, operate, or be in actual physical control of any vehicle:
>
> > (1) If there is physical evidence of 0.02 percent or more by weight of alcohol in the person's blood as shown by a chemical analysis of the person's breath, blood, or other bodily substance; or
> > (2) After having consumed marijuana or any controlled drug or substance, other than a controlled drug or substance lawfully prescribed for the person, for as long as physical evidence of the consumption remains present in the person's body.
>
> If a person is found *guilty of or adjudicated for* a violation of this section, the Unified Judicial System shall notify the Department of Public Safety.

(Emphasis added.)

.08 percent or higher, or those who are driving "under the influence" of alcohol, marijuana, controlled drugs, or other prohibited substances, or a combination thereof. (Emphasis added.)

[¶23.]     In 2004, the Legislature amended the definition of a CHINS in SDCL 26-8B-2 to include a child who has violated SDCL 32-23-21, and also enacted a corresponding amendment to the definition of a delinquent child in SDCL 26-8C-2 to exclude violations of this statute. Notably, the Legislature did not include violations of SDCL 32-23-1 by those under 18 in the CHINS statute, nor did it include misdemeanor violations of SDCL 32-23-1 in its definition of a delinquent child. Here, instead of being charged under SDCL 32-23-21, Appellants, all of whom were driving with a BAC of .08 or higher, were charged and convicted in magistrate court of DUI under the provisions of SDCL 32-23-1.[5]

---

5.     SDCL 32-23-1 provides that:

> No person may drive or be in actual physical control of any vehicle while:
>
> (1) There is 0.08 percent or more by weight of alcohol in that person's blood as shown by chemical analysis of that person's breath, blood, or other bodily substance;
> (2) Under the influence of an alcoholic beverage, marijuana, or any controlled drug or substance not obtained pursuant to a valid prescription, or any combination of an alcoholic beverage, marijuana, or such controlled drug or substance;
> (3) Under the influence of any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving;
> (4) Under the combined influence of an alcoholic beverage and or any controlled drug or substance obtained pursuant to a valid prescription, or any other

(continued . . .)

-11-

[¶24.]    The rules of statutory interpretation are well settled. "The purpose of statutory interpretation is to discover legislative intent." *State v. Bryant*, 2020 S.D. 49, ¶ 20, 948 N.W.2d 333, 338 (citation omitted). "[T]he starting point when interpreting a statute must always be the language itself." *Id.* (citation omitted). "We therefore defer to the text where possible." *State v. Armstrong*, 2020 S.D. 6, ¶ 16, 939 N.W.2d 9, 13 (citation omitted). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Id.* (citations omitted). "In conducting statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole." *Thoman*, 2021 S.D. 10, ¶ 17, 955 N.W.2d at 767 (citations omitted). When construing penal statutes, we accord "fair import [to] their terms, with a view to effect their objects and promote justice." SDCL 22-1-1.

[¶25.]    The starting point in determining whether Appellants were properly charged and convicted in magistrate court is the plain language of the first sentence of SDCL 26-11-1. The statute directs that a child under age 18 who is arrested for violations that would not subject the child to a CHINS proceeding as defined in SDCL 26-8B-2, or a delinquency proceeding as defined in SDCL 26-8C-2, shall be brought before a magistrate or circuit court and treated as though the child were

---

(. . . continued)

        substance, to a degree which renders the person
        incapable of safely driving; or
(5) Under the influence of any substance ingested,
        inhaled, or otherwise taken into the body as prohibited
        by § 22-42-15.

over 18.[6] The parties agree that a violation of SDCL 32-23-1 is *not* within the definition of delinquency in SDCL 26-8C-2.[7] But because the conduct for which Appellants were charged—DUI with a BAC greater than .08—could have instead been charged in a CHINS petition, albeit as a violation of the less-serious SDCL 32-23-21, Appellants contend the magistrate courts lacked jurisdiction over their cases. In Appellants' view, the plain language of SDCL 26-11-1 "provides the only mechanism under South Dakota law which vests jurisdiction in the magistrate court for misdemeanor offenses committed by children" and it does not apply to cases that can be brought as CHINS proceedings.

---

6.      SDCL 26-11-1 also excludes violations of SDCL 34-46(2)(2) pertaining to the purchase, receipt, possession, or consumption of tobacco from the proceedings for which a child may be brought before a magistrate court and treated as an adult.

7.      DUI, in violation of SDCL 32-23-1, is classified as a moving traffic offense under SDCL 32-12-49.1. A first offense DUI is punishable as a class 1 misdemeanor. SDCL 32-23-2. Therefore, because the definition of a juvenile delinquent excludes violations of traffic laws that are classified as misdemeanors and offenses committed under SDCL 32-23-21, Appellants are not chargeable as juvenile delinquents under SDCL 26-8C-2.

Bettelyoun and Ehret make an alternative argument, however, that the definition of "delinquent child" may create an ambiguity in the law. They note that both "misdemeanor traffic laws" and "zero-tolerance DUI" are excluded from this definition. They then suggest that the legislature does not believe DUI is a violation of a "traffic law" because if it did, then the additional reference to the zero-tolerance law would be "superfluous, insignificant, and unnecessary." This argument is misplaced as it ignores the key distinctions noted above between the language of the DUI statute, SDCL 32-23-1, and the zero-tolerance statute, SDCL 32-23-21. The latter statute, although commonly referred to as such, is not in fact a DUI statute. It does not require a driver to be "under the influence" or have a BAC upon which one can be presumed to be under the influence. The zero-tolerance statute instead requires only the presence of physical evidence in the driver's body of the consumption of alcohol or controlled substances.

[¶26.] It is true that the conduct for which Appellants were convicted under SDCL 32-23-1 also fits within the definition of SDCL 32-23-21, and the State could therefore have elected to proceed against them under the CHINS statutes. However, neither the text of SDCL 26-8B-2 nor SDCL 32-23-21 contain mandatory language limiting the State's charging discretion such that only a violation of SDCL 32-23-21 may be charged. SDCL 32-23-21 does not *require* all persons under 18 driving with a BAC that is .02 or higher to be charged under this statute. Therefore, the plain language of the statute does not support the Appellants' argument that a CHINS proceeding is the only mechanism available to the State to charge a juvenile driving a vehicle with a BAC of .02 or above.

[¶27.] Also weighing against Appellants' argument that they can only be charged under the CHINS statute is the broad language in SDCL 32-23-1, which has no reference to age and provides that *"[n]o person* may drive or be in actual physical control of any vehicle" while having a BAC of .08 or more or being under the influence of alcohol. (Emphasis added.) Mandating that juveniles driving under these circumstances only be charged under SDCL 32-23-21 in a CHINS proceeding would foreclose the State from relying on this broad language in SDCL 32-23-1. Therefore, our review of the plain language of both statutes leads to the inescapable conclusion that they do not require the State to charge underage drivers, like Appellants, only as CHINS.

[¶28.] Even so, because the statutes overlap in that a juvenile with a BAC over .08 could be charged under either SDCL 32-23-1 or 32-23-21, Appellants urge the application of the canon of statutory construction under which the statute with

more specific language "relating to a particular subject will prevail over the general terms of another statute." *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (citations omitted). Thus, Appellants suggest that because SDCL 32-23-21 and SDCL 26-8B-2 apply specifically to underage drivers, these statutes would trump the general applicability of SDCL 32-23-1, which governs all drivers. Additionally, Appellants argue that, in accordance with SDCL 26-7A-6's directive, the relevant statutes must be construed liberally to favor a juvenile's rehabilitation such that proceedings against juveniles driving after having consumed alcohol or other substances must be brought under SDCL 26-8B-2(5).

[¶29.]     Here, there is no reason for statutory construction because, as noted above, the language in the relevant statutes is clear, certain, and unambiguous. Nevertheless, even when interpreting these statutes using canons of construction, the outcome would be the same. When analyzing "two statutes touch[ing] upon the same subject matter, there is a presumption that the Legislature intended the two to coexist and that it 'did not intend an absurd or unreasonable result.'" *In re Guardianship & Conservatorship for T.H.M.*, 2002 S.D. 13, ¶ 7, 640 N.W.2d 68, 71 (citation omitted). Even "[w]here statutes appear to conflict, it is our responsibility to give reasonable construction to both, and if possible, to give effect to all provisions under consideration, construing them together to make them harmonious and workable." *Lewis & Clark Rural Water Sys., Inc. v. Seeba*, 2006 S.D. 7, ¶ 64, 709 N.W.2d 824, 841 (citations omitted). Accordingly, the two statutes at issue here must first be read as if they were drafted in harmony, rather than in conflict.

[¶30.] Although SDCL 32-23-1 and SDCL 32-23-21 both prohibit Appellants' conduct, they are not contradictory. A harmonious reading of these statutes is available by concluding that they simply overlap. While SDCL 32-23-21 applies to a broader category of juvenile drivers, SDCL 32-23-1 applies only to the subset of juveniles driving under circumstances that pose a greater risk to public safety, namely, those driving with a .08 or higher BAC, or those driving under the influence of alcohol, marijuana, controlled substances or any combination thereof. Notably, under SDCL 32-23-21, the driver need not be "under the influence" of alcohol or other substances to be convicted. Thus, it stands to reason that the Legislature would reserve the ability of the State to potentially address the more serious conduct by juveniles as described in SDCL 32-23-1 with a higher level of accountability. Interpreting the statutes in this manner avoids a repeal by implication of the ability of the State to address the more serious conduct of underage drivers by charging them under SDCL 32-23-1. In the absence of any statutory language mandating that all underage drivers who have consumed any amount of alcohol or other prohibited substances be charged *only* under SDCL 32-23-21, we assume the Legislature intended that the statutes be read harmoniously.

[¶31.] Further, the Appellants' implicit claim that the provisions of SDCL 32-23-21 represent the more specific statutory text is not sound. Indeed, the statutes are simply distinct. For instance, though SDCL 32-23-21 contains a specific reference to the *age* of drivers, SDCL 32-23-1 could just as easily be viewed as a specific statute that addresses a particular subset of *conduct* by juvenile drivers, namely, driving under the influence. Importantly, it is the particular type of

conduct committed by a juvenile that governs whether the State may institute a CHINS proceeding.

[¶32.]    With few exceptions, the offenses listed under SDCL 26-8B-2 for which a juvenile can be adjudicated as CHINS are status offenses—conduct for which there is no penalty if committed by an adult.  Aside from petty offenses, prostitution, and the two specified underage violations that include young adults aged 18 to 20 (SDCL 35-9-2 and 32-23-21), CHINS offenses include children who are truants, those who have run away from home, those whose behavior is beyond the control of a parent or endangers their own welfare, or children who have violated other unspecified laws "for which there is not a penalty of a criminal nature for an adult[.]" *See* SDCL 26-8B-2(1)–(4).  Underage drivers who drive with a .08 BAC or higher, or who drive under the influence of alcohol, marijuana, or other controlled substances, have engaged in conduct violating SDCL 32-23-1, conduct for which there is "a penalty of a criminal nature for an adult[.]"  Such conduct is not a status offense, and Appellants' contention that all underage drivers who have consumed alcohol or other intoxicants must be treated as CHINS overlooks the import of this language in SDCL 26-8B-2(4) and the general nature of CHINS offenses.

[¶33.]    Appellants nevertheless advance their argument that SDCL 26-7A-6's mandate for liberal construction of SDCL chapter 26-8B favoring rehabilitation requires that juvenile DUIs may only be prosecuted in CHINS proceedings.  SDCL 26-7A-6 requires that "[SDCL 26-8B-2] shall be liberally construed in favor of the child, the child's parents, and the state for the purposes of . . . affording guidance, control, and rehabilitation of any child in need of supervision[.]"  However,

Appellants' use of this statute is inapposite because Appellants were not charged with violating SDCL 32-23-21 and were not prosecuted under the CHINS statute. Accordingly, the policy mandate requiring CHINS statutes to be construed liberally in favor of the child's rehabilitation does not apply to a prosecution under SDCL 32-23-1. To hold that this requirement for liberal construction of juvenile statutes applies to juveniles appearing in magistrate court would unquestionably expand the reach of SDCL 26-7A-6, contrary to the plain language enacted by the Legislature in SDCL 26-11-1. "We have consistently recognized that our constitutional role prohibits judicial ambition to amend or modify plain and unambiguous text in favor of a different rule[,]" *Abdulrazzak v. Board of Pardons & Paroles*, 2020 S.D. 10, ¶ 17, 940 N.W.2d 672, 677, no matter how harsh the result.

[¶34.]        The Legislature, through the use of the statutory scheme outlined above, has developed a process for charging juveniles as adults when their blood alcohol levels reach a certain threshold and for penalizing those who drive with even small amounts of alcohol or other substances in their bodies in order to reduce the risk of juveniles driving under the influence. *See State v. Gerdes*, 252 N.W.2d 335, 335–36 (S.D. 1977) (noting that a person driving with a high BAC "is a menace and should be removed from the highways"). This Court's duty is to construe the statutes according to the fair import of their terms and the policies they support, whether that be rehabilitation, public safety, or both.

***Separation of Powers***

[¶35.]        Inherent to our holding is the assumption that the Legislature provided the State with discretion in charging juveniles. Osborne acknowledges

-18-

that prosecutorial discretion is "well-established" within our criminal justice system but argues that it must be "exercised within the bounds of constitutional restraints." (Emphasis omitted.) In Osborne's view, the State's charging decision violates separation of powers because "it is the exclusive prerogative of the Legislature" to determine what constitutes a crime and appropriate punishments and to establish jurisdiction of the lower courts. Osborne contends that allowing the State to charge him in magistrate court "usurps the Legislative pronouncement of public policy and renders the Legislature's entire deliberative process meaningless."

[¶36.]     However, this argument fails at the outset because we have already rejected Appellants' interpretation of the relevant statutes and have determined that they do not contain language requiring the State to address the conduct at issue here only in juvenile court proceedings. The statutes are clear and unambiguous, and we "must accept what the legislature has said—and has not said[.]" *State v. Burdick*, 2006 S.D. 23, ¶ 18, 712 N.W.2d 5, 10 (cleaned up). In interpreting the plain language of the statutes, we do not encroach upon the legislative branch and its power to enact laws. Further, it is well-established "that when an action violates two criminal statutes, the government may prosecute under either, providing it does not discriminate against any class of defendants." *State v. Secrest*, 331 N.W.2d 580, 583 (S.D. 1983) (citing *United States v. Naftalin*, 441 U.S. 768, 99 S. Ct. 2077, 60 L. Ed. 2d 624 (1979)). Here, there is no contention that the State discriminated against a class of defendants. And even though the State may charge a defendant with an offense under a different statute, it is "not obligated to do so." *State v. French*, 509 N.W.2d 693, 696 (S.D. 1993).

[¶37.] Nevertheless, Appellants aver that any contrary reading would be in conflict with the "spirit and policy of the juvenile system" designed to rehabilitate juveniles and treat them differently than adults in order to avoid long-term adverse consequences that may ensue from criminal convictions. Appellants provide an example of a "curious outcome" where a juvenile could be required to appear in both juvenile and adult court stemming from a single incident leading to charges for DUI with a BAC over .08, aggravated eluding, and vehicular homicide. Appellants observe that while the juvenile could be charged as a delinquent for the two more serious offenses, thus benefiting from the rehabilitative services of the juvenile court, he must appear in adult court for the DUI.

[¶38.] Despite the Appellants' perceived disharmony among the different avenues that the State may take when charging underage drivers under the zero tolerance or DUI statutes, these arguments involve the wisdom of the Legislature's penal code, which are "questions of public policy, not appellate error." *Trask v. Meade Cnty. Comm'n*, 2020 S.D. 25, ¶ 34, 943 N.W.2d 493, 501. And contrary to Appellants' claim that the overlapping statutes cause disharmony, the more tenable reading of the statutes is to conclude that the Legislature intended to provide prosecutors with the option of charging juveniles under either statute.

## Conclusion

[¶39.] Appellants have failed to support their argument that the language of the relevant statutes prevents the State from charging them in magistrate court with violations of SDCL 32-23-1. The statutes are clear and unambiguous. The

State has discretion to charge juveniles under the provisions of either SDCL 32-23-1 or SDCL 32-23-21.  We affirm.

[¶40.]　　　　JENSEN, Chief Justice, and SALTER, DEVANEY, and MYREN, Justices, concur.