2004 SD 104

**WESTMED REHAB, INC., Appellee,**

v.

**DEPARTMENT OF SOCIAL SERVICES, Appellant.**

No. 23010.

Supreme Court of South Dakota.

Considered on Briefs April 26, 2004.

Decided Sept. 15, 2004.

Robert Gusinsky of Lynn, Jackson, Shultz & Lebrun Rapid City, South Dakota, Attorneys for appellee.

Lawrence E. Long, Attorney General, Kirsten E. Jasper, Assistant Attorney General Pierre, South Dakota Attorneys for appellant.

ERICKSON, Circuit Judge.

[¶ 1.] The South Dakota Department of Social Services (DSS) appeals a circuit court order reversing a DSS decision holding itself entitled to recovery or reimbursement of monies paid for certain equipment provided to Medicaid recipients. As part of its appeal, DSS challenges a circuit court ruling that ARSD 67:16:29:04.02 draws a distinction between a completed certificate of medical necessity (CMN) and a signed CMN for purposes of Medicaid reimbursement. Additionally, it challenges the circuit court's ruling that DSS's remedy was clearly erroneous in light of the entire evidence in the record and arbitrary and capricious. We affirm in part, reverse in part and remand.

## FACTS

[¶ 2.] WestMed Rehab, Inc. (WestMed) is a durable medical equipment provider (DME provider) under the South Dakota

Medicaid program administered by DSS. WestMed submitted claims for payment for equipment provided to Medicaid patients and DSS paid them. In March 1999, DSS conducted a post-payment review of paid claims. DSS found that WestMed had been overpaid based upon WestMed's failure to properly complete CMNs recorded in patient files.

[¶3.] WestMed concedes that the contested CMNs were not signed by the prescribing physician within the mandated timeframe. On the other hand, DSS concedes that the services and equipment were actually provided, were medically necessary and were appropriately priced.

[¶4.] A hearing officer upheld DSS's determination that WestMed was overpaid $71,477.06 due to improperly completed CMNs. On appeal, the circuit court found that ARSD 67:16:29:04.02 does not defeat a claim on the mere technicality that CMNs are not properly signed by the prescribing physician within thirty days of the issuance of the prescription. The circuit court also found that, under these circumstances, the recovery of monies paid for items that were admittedly provided, medically necessary and appropriately priced would be clearly erroneous and arbitrary and capricious.

## STANDARD OF REVIEW

[¶5.] The parties agree that this action involves an issue concerning the construction and interpretation of an administrative rule and, thus, it is subject to *de novo* review. *Nelson v. South Dakota Bd. of Dentistry*, 464 N.W.2d 621, 624 (S.D.1991).

## ISSUE ONE

[¶6.] **Whether DSS erred in determining that it was entitled to reimbursement for Medicaid claims which were supported by an undated, and/or unsigned certificate of medical necessity filed after the thirty day deadline set forth in ARSD 67:16:29:04.02.**[1]

[¶7.] The circuit court found that the language of ARSD 67:16:29:04.02 draws a distinction between a completed CMN and a signed CMN. The court concluded that, because of the use of different language in two phrases of the rule, the CMN must merely be filled out within thirty days after the date of prescription, but need not be signed or dated. The pertinent phrases are: "[t]he provider shall ensure that a certificate of medical necessity ... is completed, signed, and dated within 30 days after the date of the prescription" and "[f]ailure to obtain or maintain a properly completed medical necessity form is cause for non-payment."

[¶8.] With regard to the interpretation of administrative rules, this Court's function has long been clear. In *Schroeder v. Dept. of Social Services*, 1996 SD 34, ¶9, 545 N.W.2d 223, 227–228, this Court once again stated: "Administrative regulations are subject to the same rules of construction as are statutes. When regulatory language is clear, certain and unambiguous, our function is confined to declaring its meaning as clearly expressed. (citations omitted)."

[¶9.] " 'Words and phrases ... must be given their plain meaning and

1. ARSD 67:16:29:04.02 provides:

The *provider shall ensure* that *a certificate of medical necessity* as contained in Appendix C at the end of this chapter *is completed, signed, and dated within 30 days after the date of the prescription.* The medical equip- ment provider must maintain the certificate of medical necessity in the recipient's clinical record. *Failure to obtain or maintain a properly completed medical necessity form is cause for nonpayment.* (emphasis added).

effect.'" *Cromwell v. Rapid City Police Dep't.*, 2001 SD 100, ¶ 9, 632 N.W.2d 20, 23 (quoting *Lekanidis v. Bendetti*, 2000 SD 86, ¶ 16, 613 N.W.2d 542, 545). Only where there is an ambiguity in an agency rule may a court "look to the object of the rule and the evil or mischief which it is designed to remedy and apply a reasonable construction which best accomplishes the purpose of the rule." *Island v. Dept. of Corrections*, 1996 SD 28, ¶ 8, 545 N.W.2d 201, 203 (quoting *Nelson v. South Dakota State Bd. of Dentistry*, 464 N.W.2d 621, 624 (S.D.1991)).

[¶ 10.] Here, there is no ambiguity. Common sense dictates that a professional care provider in reading the phrase "completed, signed, and dated," in ARSD 67:16:29:04.02 would conclude that the form needed to be signed and dated to be completed. According to the plain language of this rule, a properly completed medical necessity form is one that is filled out, signed and dated. To give the phrase any other interpretation strains common sense. Thus, we hold that the circuit court erred in drawing a distinction between a completed CMN and a signed CMN.

## ISSUE TWO

[¶ 11.] **Is the failure to have a certificate of medical necessity form signed and dated by the prescribing physician within thirty days of the issuance of the prescription a basis for denying reimbursement?**

[¶ 12.] The circuit court concluded that DSS's decision was clearly erroneous under SDCL 1–26–36(5) and arbitrary and capricious under SDCL 1–26–36(6). This is a question of first impression in South Dakota. We have never before reviewed a sanction for noncompliance with Medicaid regulations. For reasons set forth below, the standard of review for sanctions imposed for non-

compliance with Medicaid regulations is whether the sanction imposed was "[a]rbitrary and capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." SDCL 1–26–36(6).

[¶ 13.] In *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 185–186, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973), the United States Supreme Court held that when an agency is authorized to impose sanctions for noncompliance with administrative regulations, the agency is entitled to substantial deference, unless its choice of sanctions is "unwarranted in law" or "without justification in fact."

[¶ 14.] Medicaid was established under Title XIX of the Social Security Act. Participating states provide federally funded medical assistance to certain eligible persons as needed. 42 U.S.C. § 1396. *See also* SDCL 28–6–1. The program is designed to enable each state, "as far as practicable" to provide medical assistance to individuals whose income and resources are insufficient to meet the costs of necessary medical services. *Id.* Medicaid is primarily administered by the participating state, under a state plan, subject to federal guidelines and constraints. 42 U.S.C. §§ 1396, 1396a(a).

[¶ 15.] In order to comply with the Medicaid fraud detection and investigation provisions of the Medicaid Act, ARSD 67:16:29:04.02 was adopted. The only sanction set forth in ARSD 67:16:29:04.02 for noncompliance is nonpayment. While the regulation provides that failure to obtain a properly signed and completed CMN "is cause" for repayment, that language does not mandate the repayment sanction. Instead, discretion is provided under the state rule, and therefore, lesser but reasonable sanctions may be considered.

[¶ 16.] This appeal does not challenge the validity of the administrative rules, but rather, the reasonableness of their application. In other words, we merely decide whether the sanction imposed was "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." SDCL 1–26–36(6).

[¶ 17.] DSS argues that by federal regulation it is required to recover any overpayment made to a provider. 42 C.F.R. § 455.16. DSS overstates its case. Nonpayment or, more appropriately, recovery of overpayments is merely one option or sanction available under the cited federal regulation. In fact, the federal rules envision a continuum of sanctions. 42 C.F.R. § 455.16 indicates that the matter can be resolved by various means such as: sending a warning letter; suspending or terminating the provider from participation in the Medicaid program; seeking recovery of payments made to the provider; or imposing other undefined, but circumstantially appropriate sanctions provided under the state plan. In fact, under South Dakota's state plan, a consideration of alternatives is necessarily included in exercising the department's discretion.

[¶ 18.] It is clear that the circuit court's concern was that the remedy imposed by DSS appears harsh under these circumstances. DSS admits that the thirty day timeframe was established because of problems providers had getting doctors to fill out and sign the CMN at the time the prescription was issued. DSS admits that its review found that the services were actually provided, were medically necessary, and were appropriately priced.

[¶ 19.] There is nothing in statute or rule establishing the prepayment/postreview program. DSS argues that it came into being because the department does not have the manpower to check every claim from every provider so it issues payments based upon the provider's assurance that the claim is valid. At some later date, a post-payment review is conducted. Beyond explaining the origin of the prepayment/post-review program, that argument is irrelevant to this action. It is not a factor in determining what sanction, if any should be imposed.

[¶ 20.] In this case, the record does not demonstrate that DSS considered any other reasonable sanctions. For example, DSS fails to explain why it could not merely suspend WestMed from the prepayment program and require WestMed's CMN to be filed prior to payment. Nor does DSS explain why, under the circumstances— particularly with its own finding that the services were actually provided, were medically necessary, and were appropriately priced—the lesser sanctions would be inappropriate.

[¶ 21.] In a case where the validity and medical necessity of the claims is not in dispute, but only the timeliness of the paperwork, imposing the harshest penalty is questionable. By definition, a sanction is arbitrary and unreasonable if it is imposed without considering the imposition of lesser reasonable alternatives. "Imposing a sanction based on an improper understanding of the law is always an abuse of discretion, rendering the sanction arbitrary and capricious and therefore impermissible." *United States v. International Brotherhood of Teamsters*, 170 F.3d 136, 143 (C.A.2, 1999)(citing *SEC v. Chenery Corp.* 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626 (1943)(internal citations omitted)).

[¶ 22.] Because this record does not demonstrate that DSS considered any oth-

er reasonable sanction, the circuit court's finding that DSS's decision was arbitrary and capricious is affirmed. However, concerning disposition of this issue, the circuit court is reversed and the matter is remanded with instructions to remand to DSS to consider and make findings clearly setting forth the reason repayment was chosen rather than some lesser sanction.[2]

[¶ 23.]  GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 24.]  ERICKSON, Circuit Judge, for SABERS, Justice, disqualified.

---

**2.**  By this opinion we are not suggesting what remedy is appropriate, but rather that DSS should make findings that clearly reflect the reason for its selection of the sanction it chooses.